My name is Scott Hamblin. I represent the appellant Dijon Brown. Mr. Brown has raised five points on appeal. I'm going to begin with this first point, which is that the district court erred in denying Mr. Brown's motion to suppress the anticipatory search warrant and by admitting evidence of trial because the entry of the officers into the residence, the search of the residence, into the package, search of the package, occurred in violation of his fourth amendment, in that there was insufficient facts, insufficient facts to support a finding of probable cause for the issuance of the warrant, triggering event, there's no triggering event for the anticipatory search warrant, and that the officers themselves lack factual basis, excuse me, objective reasonable belief as to probable cause for the execution of that. By the way, just brief background information. Postal Inspector Farmer had applied for a search warrant after he had discovered a United States mail parcel that had been delivered through the mail, which I'll refer to as just a package inside of it. He had obtained a search warrant for that package, and upon opening that package, discovered approximately 456 words. He had subsequently then applied for an anticipatory search warrant and prepared an anticipatory warrant subsequently issued, and then a few days later then that anticipatory warrant has been executed in the residence 4263 Santa Barbara in Columbia, Missouri. So to begin with with respect to the first sub point, that there's insufficient facts to support a probable cause determination to issue the anticipatory search warrant. First point is, is that there was essentially other than the package itself, no supporting facts that would demonstrate a probable cause to connect that package to the residence. What about the address on it? That's where it's supposed to go. And Judge, that's all there is. The only evidence there was was just the address. Postal Inspector Farmer testified at the suppression hearing that even the name that was addressed, the name that appeared on that label, that he didn't know that that person actually occupied that residence, and that he conceded that it was actually not a person who was connected. To follow up on the Chief's question though, doesn't the address get them there? Because here's the problem I'm having with your argument. An anticipatory search warrant, I think the purpose is that the package was headed there, and so when the package is delivered and that is taken inside, it's a different issue. We're going to have a discussion about this, but it's a different issue if they put the package back outside. But once the package is delivered and kept inside the police now have probable cause to believe there is contraband in the home. And isn't that sufficient for probable cause? I mean, it seems to me there's a reasonable belief that contraband will be found in the house. Well, Judge, obviously that's an argument. That's what the district court had found in this particular case. It's just Mr. Brown's position is when we're looking at the totality of the circumstances themselves to justify probable cause to be able to execute this document, all we have is this one set of facts. If the only thing we have is the address, the argument conversely is if we look at the other circumstances that exist, specifically the lack thereof. You have a case that looks like yours. No, Your Honor. Okay. Yeah, I mean, I guess my problem is really all that probable cause requires is that there's a belief that there's contraband or something illegal in a particular place, and you have that if, for example, you couldn't read the address label or somebody who was on the address label didn't actually live at the home or something of that nature. But it seems to me that that's an uphill battle for you to climb. And I acknowledge that that's the fact that the district court found. What we're saying is if we're looking for any other type of corroborating evidence, there was none. And Postal Inspector Farmer conceded all of that suppression, but there was nothing else other than that address. But in response to Judge Benton's question, do you have a case that shows us that there's more than that that's required? No, Judge. I'm going to move on to my second point of that first point, which is that the triggering event never occurred to execute the anticipatory search. With respect to the triggering event, Postal Inspector Farmer, when he submitted his affidavit to Judge Whitworth, had acknowledged in that affidavit that delivery would be made to an adult willing to accept the package on behalf of Martha Guerrero, and that every reasonable effort would be made to deliver it to Martha Guerrero and that the package would be filed. But that's not what happened when this anticipatory warrant was taken. What actually wound up happening is the package itself was never actually delivered to an occupant or any other adult willing to accept delivery of presents. But Mr. Brown transports it, right? You hear my verb, transports. Is transporting it enough? That's not enough under the affidavit that Judge Whitworth relied upon in executing his anticipatory warrant. Why does the affidavit matter? Because the affidavit is what the judge relied upon. Well, I'm not sure about that actually. The affidavit is what the judge relied upon for the warrant, but it's quite possible that the judge just simply said, you know, we don't need all that stuff. I understand you're willing to do that, and then issued the warrant and said all it needs to be is transported inside. And that gets back to Judge Benton's question. That seems to be, I mean, if you look at the plain language of the warrant, that seems to be all that's required. In this particular sentence, so the package was required to be delivered and accepted. And it's the argument here that number one, it wasn't a delivery, and number two, it wasn't an acceptance. It's true, as Judge Benton raises, that Mr. Brown did exit the vehicle that he had been occupying. He was parked in the driveway, approached the front of the house, picked up the package, the parcel, and carried it inside the residence. It's also undisputed that that package was immediately set back outside of the house, unopened, with the words marked return to sender on the package. And it happened two minutes later, right? I mean, it was very quick, according to the record. Less than two minutes. Less than two minutes. And so that seems to me to be your real argument, unless I'm mistaken. I mean, the argument that's your strongest argument, which is that really, come on, the triggering condition itself was not sufficient because it didn't account for the possibility that you could take it inside and that it could be delivered to the wrong address or maybe they filled out the wrong address or they didn't really accept the package because they placed it immediately outside. Did you make that argument to the district court? Yes, Judge. That was in our argument. That was in the motion to suppress. And that's also said in here in the brief. What happened here is that in this particular situation where the anticipatory warrant was being executed, Postal Inspector Farmer was sort of the eyes on site. He was monitoring the front door. When he saw that package go into the residence, he immediately contacted his SWAT team for them to come to the house. But at the same point in time, before the SWAT team or law enforcement arrived at the house, Postal Inspector Farmer also saw that package placed immediately back outside and he confirmed in his testimony that the package was marked return to sender and they were able to corroborate that that package was in fact unopened. The methamphetamine was still inside that package set back outside the house at the time law enforcement arrived at the front door to gain entry to the residence. So it's our position that, number one, there wasn't actually a delivery to a person who had been arrested. I'm going to go back to the word transport. Are you really saying, and Judge Strauss said this to you, I'm asking it almost the same words, but again, are you really saying there wasn't a sufficient triggering event? That's our position, yes. I mean on the face of the warrant, if you just take Judge Whitworth's warrant and you just look at it, that's not a sufficient triggering event. It's got to be a big old triggering event, not a small Mickey Mouse triggering event, right? With Judge Whitworth's warrant, the face of the warrant appears that it may allow for the delivery of the package into the house. But at the same point in time, when we look at all the other cases that the Eighth Circuit have looked at, in every other situation where there's been an anticipatory search warrant that has been executed, it's always been made to an occupant who accepted delivery, either by an individual that's signing the document or somebody else that's an adult willing to sign on behalf. Which is the closest case, now of course you're arguing from the other side, you're kind of a negative inference, but which is your closest case to this transporting being a triggering event? There is no case that's specifically on fact with this. What's the closest one? I tricked my question. What's the closest case? The cases that are cited in both briefs, both by us and the government, there's State v. Becerra, United States v. Becerra, and then also United States v. Jackson. But each of those cases are factually distinguishable from this particular case, because in each of those cases, while in United States Becerra, a postal service worker did deliver a package to an individual, the individual actually signed for the package, accepted the package, and took the package inside that. And that's not what happened. What we have here is we have a package that was placed outside of a residence, and no occupant from that residence actually accepted delivery. They picked up the package, took it inside, and immediately set it back outside. Mark returned to the center, and the contents of the package still remained in the package. It was unopened. But you agree that we have a different case, perhaps, if the triggering condition says, or it's transported inside and remains inside for an hour. Then you probably have a different case. Then you've sort of, there's at least some implicit acceptance. But your argument would be, two minutes, come on, it takes that long to go get a sharpie to mark return to sender. So that doesn't indicate any kind of acceptance of the package. I think the time and the temporal proximity would also be warranted by what actually occurred in this particular case. Because if the package had remained inside the house for an hour at that point, based at least on what we know occurred here, law enforcement would have entered the home at that point. They would have executed, they would have made their entry. But what we have here in the facts of this case is when that package was set back inside. That was before law enforcement had even arrived at the house. Which gets to my third point on this issue. Would you address the potential for good faith? Correct, Judge. And that law enforcement lacked an objective basis for good faith because that package was back outside of the house. And it was unopened. They entered and executed before finding out that it had been marked return to sender. Didn't that how it played out? The package was set right back outside the front door. And that's where the law enforcement officers went to make entry. So the package is right next to them right in the front door when they're standing around trying to force entry to the door. For law enforcement to say we couldn't see the package. Well, I didn't say they said they couldn't see it. They just didn't, apparently just didn't look at it. They just went on and entered. Well, I don't know if they saw it and ignored it, Your Honor. Or if they didn't see it at all. That part's not clear. But what's clear is it was open and obvious. It was set back outside of the front door. Clearly, Postal Inspector Farmer saw it. Because he acknowledged in a suppression hearing that he saw it set back outside the front door. And if he was able to see it and testify to that, it would make sense that the law enforcement officers would also be able to see it. Let's assume you're right about that. And I want to ask you about the good faith, which is, I don't know if that matters. Whether they saw it, didn't see it, or whatever. The point is, is the triggering condition was satisfied for the anticipatory search warrant. And this search warrant was not, the triggering condition was not so out of bounds that the officers wouldn't have had, would have had an objective belief that, boy, this judge just messed up. There's just no way there's probable cause here. It's at least a close call. And so, therefore, it seems to me that the good faith exception would apply. Judge, I respectfully disagree. And so, when I'm dealing with this issue here and looking at this, when you have this group of individuals and Postal Inspector Farmer makes this argument with this affidavit, presents all this information to the judge, and he's the point man, he understands what he represented to the judge in order to get this affidavit. He knows that that package is set back outside, that there's no contraband in the house. And that's what we're talking about with the Fourth Amendment privacy interest that Mr. Brown has with respect to that. His right is violated with respect to that interest when that contraband is not inside the house. That's what the temporal nexus is when we're talking about anticipatory warrant, is that the contraband is going to be in the place to where it's going to be searched at the time that search is executed. And that's not what happened. I'd like to reserve the rest of my time, please. Thank you. Thank you, counsel. Mr. Hurst, welcome back. Hey, police and court. My name is Ben Hurst on behalf of the United States. I think that the, when you're looking at the warrant, this anticipatory search warrant here, I think there's actually, it's helpful to split it kind of into two pieces. The choice of the condition is a choice that the magistrate judge makes based on the affidavit. And that question is a question of probable cause. Does the condition that the magistrate judge chose state probable cause that you're going to find contraband, evidence, instrumentalities of crime at the place to be searched? Here, I heard one thing I want to respond to on this point, which is that there's no contraband in the house. The affidavit actually made not just a search for the contraband that was being sent, the 456 grams of meth, but other things that are related to the drug trade that the affiant swore were likely to be there because the house was likely to be used for the receipt, storage, or sale of methamphetamine. So that includes U.S. currency, other drugs. So it's not just a matter of the contraband doesn't make it into the house, not from the perspective of there are other things they're looking for there. Well, here's the problem. I got to tell you, I'm very troubled by the triggering condition because a package I received just three weeks ago would have satisfied the triggering condition. I got a package where the address was written over, and it listed my address, and I did not identify the package. My kids picked it up from outside, they brought it inside, they photographed it, they sent it to me. Within three minutes, I told them to write, return to sender, call FedEx, and send it back. Under your theory of the case, having my kids take in a package that doesn't even belong to me would give rise to probable cause, even if three minutes later it was put out on the front stoop. That just can't be right. Your Honor, I think I'll respond to that in two pieces. The first piece is the United States v. Grubb Supreme Court case recognized a very similar triggering condition to the one we have here, received by a person and taken inside the residence. And I agree if it was an hour, two hours, three hours, but less than two minutes, I just find that hard to believe. That's right, Your Honor, but it's not a matter of the, I mean, the triggering condition didn't set out. I guess if the question you're asking is, does a triggering condition that doesn't include an exception for something that's immediately placed back outside the house still state probable cause? Yeah, or account for the fact that it could be misdelivered or whatever. I mean, just, I mean, the mere act of bringing it in is not an acceptance of the package. Well, and of course, the warrant here didn't require acceptance. It only required transportation inside. Right, and that's the problem. But the affidavit, the affidavit seemed to require acceptance by an adult present. That's right, Your Honor. And what's the implication of the discrepancy between the affidavit and the warrant? I think that the discrepancy can be explained in this way, and I don't have any, I don't know that this is what the magistrate judge was thinking, but if the magistrate judge looks at the affidavit and says, the condition you've chosen is not consistent with my idea of probable cause, the magistrate judge puts another condition in the warrant. I think the condition in the warrant is the one that the police officers should be expected to follow, and it's also the one that the court should evaluate, both for probable cause purposes here and for the question of whether, in fact, it was triggered. There was a question of fact. That's sort of the second problem versus this issue of probable cause and choice of the condition. I think that's the question that you're raising, Your Honor. And my response to that is, it's probable cause, as appellant's counsel noted, is a totality of the circumstances question. And in this case, we have the fact that a, but it's not a certainty question. It's only reasonably, so the, we have 456 grams of methamphetamines, 11,000 dollars roughly, being sent to a location. It is true that that could have been misdirected to an innocent person's house, and that transportation by that person inside the house under the terms of this warrant is going to trigger a search of that house. I still think that that gets you to probable cause. People don't, it is not the case that people are just mistakenly sending their 11,000 dollars of methamphetamines to the houses of people who are likely to give that to the police. Go slowly with me. Grubbs is the closest case, right, at saying, because we're talking about the sufficiency of the triggering condition, right? Yes, Your Honor. I have several cases, but Grubbs is a, Grubbs is the only United States Supreme Court case. Yes, Your Honor. I thought so. So, I don't know whether you have the actual words of Grubbs handy. It's in your brief, by the way, so I don't mean to surprise you. Let me continue for a second. It's in your brief on page 24. I'm not here to shock you. I'm here to try to learn something. Okay, it's got to be one probable. Now, the one, two, and three in your brief are in the Supreme Court's opinion, right? The quotation you have on 24 of your brief, it has a one, two, and a three. Are those your one, two, and three or the Supreme Court's one, two, and three? I think it's the Supreme Court's one, two, and three. It's on page 96 of Grubbs in the U.S. reports. Your Honor, that is the Supreme Court's one, two, and three. Supreme Court's one, two, and three. Okay, so this is what we should go by. One is probable. Two is contraband will be on the described premises, right? Are the described premises here inside the target address? I'm reading from the warrant. This is not a trick question. Yes, Your Honor. I think that's right. Okay. It says the residence located, this is the search of in the warrant, and then an adult subject transporting some or all of the methamphetamine inside the target address. Okay, so the described premises here are inside the premises. I agree with that, Your Honor. Okay. And the third one says when the warrant is executed. Okay. Now, has the warrant not executed until it's outside the premises? You see my literal approach. I do. I think I understand your question, Your Honor. And I think that the facts, I think that you identified the factual issue, which is the package was placed back outside at the time that the search took place. Well, when is the warrant executed? That's right. After that point. But I don't think... Now, before you agree with me, just agree with me. What do you think execution means of the warrant? Well, I guess that, so the way this went down is that the package was transported inside. And I believe it's at that point that officer, postal inspector Farmer, ordered his, the law enforcement who are around there to move into place. Now, there was an issue getting inside the front door. And so the question of when the warrant was executed in this case is a little tougher, because in fact, they couldn't get inside the house because the front door had been reinforced. Well, is it executed when a search starts or when it's finished? Or in the middle. Go ahead. I can't get inside the Supreme Court's head on what it means when it says executed in this context. I think that, well, let me put it to you this way, Your Honor. The affidavit in this case didn't just say we're looking for the 456 grams of methamphetamine that are in that package. It said because we know the 456 grams of methamphetamine are destined to that location, we expect we're going to find other things that are related to the drug trade inside that residence. So is the package located inside the residence at the time that the warrant is executed? Yes, if executed means the search started. No, if executed means at the time the search ended. But there's other things, contraband, instrumentalities of crime that we're looking for that we would find in there. But the warrant doesn't say all that. I mean, the warrant doesn't say talk about suspicious behavior, which probably would give you your probable cause. Like, for instance, them casing the neighborhood. It doesn't say that, you know, you're really looking for other things. What it really is saying is once that's taken inside, you have, you know, you have the cops then have a reason to believe that contraband will be found in the residence. That's a problem I'm having is the things you're saying are true, but none of it's in the warrant. I disagree with you, Your Honor. I think below the conditions on the warrant, it says, I further find that upon occurrence of the condition specified above transportation, the search will reveal and then there's an attachment. The attachment includes all the different stuff, similar things I've described, controlled substances, paraphernalia, records, receipts, ledgers, telephone bills, photographs, other things like that. So I think that the master judge made the decision about what the triggering condition was going to be in this case. He was thinking not just about the package being physically located inside the house so that we can go seize the package that we already know has methamphetamine in it, but the fact that the house was being used for these receipts, storage, sale of methamphetamine, and we're going to likely find other evidence that's related to it. The other problem you have with that, of course, is then presumably you would have had probable cause even before the package was taken in, right? You didn't even need an anticipatory search warrant because if he believed that things were going to be found inside, there was already probable cause, one would think. But I don't think that's what he actually found. I mean, he did an anticipatory search warrant. That's right, Your Honor. And I think that that's a concern I understand, but it's also a concern that the court in Grubbs had to grapple with also. And it said basically, look, we understand that sending a package with contraband to a location gets you almost all the way there. What you need is one more thing. And the one more thing is that somebody doesn't just leave it there, that there's some connection between someone associated with the house and that package here. Judge Whitworth said, I find probable cause that that connection can be satisfied by someone, an adult, transporting it inside the house. Could you address good faith? I don't want you to run out of time because I think that might save you here or save the government here, the good faith exception. And first of all, I'm wondering if you've argued that consistently so that it's before us, and secondly, whether you think it applies. I do think we've argued it consistently. I think it's in our brief, and I do think it applies here. And it's in that way that the split between the factual question of whether the triggering condition actually occurred, which I think he carried it across the thresholds that happened, and the magistrate's choice of the triggering condition really comes into play, because that's a probable cause decision. And if the magistrate messed up, if the magistrate was wrong in his probable cause determination, that's not a reason to suppress the evidence unless one of the conditions in Leon applies. They're not arguing for the three of them. The question here is, could an objectively reasonable officer have found that there was probable cause or believe that this warrant stated probable cause? I think that's true. Clearly, Grubbs had a very similar warrant to the one that we're dealing with here, and there are a handful of other cases that have similar conditions, such as delivered and to any other occupant at Schwarte, successfully delivered and taken inside the residence, which is Jackson. So I think that a reasonable officer looking at this warrant, the condition that the magistrate judge chose, could believe that there was probable cause. And that's why I think that Leon's application here is straightforward. I think you may be right. The one thing that gives me pause is the fact of what we've been talking about previously, which is the package was sitting outside by the time they entered the residence. We can talk about execution. We can debate that. But by the time they entered the residence, the package was back outside. What's the government's response to that under a good faith exception analysis? Well, I don't think that the, I mean, the officers are looking at the warrant and they're saying, how do I decide when the condition has been satisfied? It says, it doesn't say package shall be taken inside and remain inside the residence. That would be one way the magistrate judge could have found that. That's not what he wrote. So for that reason, I think that the warrant, the officers were looking at the warrant and how do I execute this and do it correctly? They look at it and they say, well, it's been transported inside the residence by an adult. That's someone then later, as has happened in other cases, flees with the package or hands it off. There's a case where outside of the house, even though the warrant said has to be received by someone inside the residence, they were all standing outside the residence and that's where the package was received. And the court said, well, that reading the warrant in a common sense fashion would find that that was the case. Which case is that, Mr. Megan from the sixth circuit. Say it again. Megan's. Thank you. Which isn't directly on with your, with your question. But I think that, I guess, I think the answer is if you're trying to execute the warrant, the officer looking at the warrant, it says adult carries it inside the house and that's what happened here. That they put it back outside the house is a condition that was not required. It's not required that that not happen by the warrant. So I think that goes. Megan's wasn't decided on good faith though, right? I don't think so, your honor. I don't think so either. Just glancing. I'm half reading your summary of it. Is there, I'm not read all the grubs. Is there anything else in grubs that controls us? We get it. The one, two, three. I know their definition of triggering condition and their definition of what an anticipatory search is. And of course that they approve it. Is there anything else in grubs that controls in this case for you or against you? Well, I would say this, your honor. The question that the officer or the question, the master judge has to consider the way it decides whether contraband will be there and the probability that the event will occur. Those are both things that are decided on a probable cause standard. That's what he's got to, that's what he's got to be thinking about. Thank you all. Thank you, Mr. Hurst. Mr. Hamlin. Your honor, it's still the position of Mr. Brown that law enforcement lacked an objective reasonable belief to be able to execute that search because that package had been fact outside the house. The drugs were in the package. The package was sealed. It was perfectly visible. For law enforcement to enter that residence, there has to be some type of reasonable belief that that contraband is still in there. Well, let me interrupt you. Of course, I did about the where, the premises and the time frame, the when with the government under grubs. But grubs prefaces all that with it is now probable. They mean to the magistrate judge. In fact, they say they require the magistrate to determine. It is now probable that at a later time, these other two are likely to happen. So are we dealing here only with the really low level of probability of probable cause? I'm sorry, I don't know. Okay. That was that that was kind of the issue in grubs is can you deal with the probability of probable cause? You can you can quarrel with my premise and say there's no such thing. Well, I'm struggling with it just because I'm not sure that I understand it. Okay, well, there I'll be. I'm sorry you don't have much time. I'll be very quick. Grub says it's now probable. They put that as one. That contraband will be on the premises. That's two, three when it's warrant. So is there is it becoming a probability of a probability? When we're looking at the first element that it's now probable, that's looking at what the magistrate is looking at at that point in time, based not only on what he's looking at, but he's relying on the affidavit that's presented to him by the postal inspector. And so his determination of probable cause is based on what's represented in that particular affidavit. That affidavit is making assumptions that actually never occur. Had law enforcement actually followed the affidavit and had done what postal inspector Farmer represented to the judge was going to happen, then we wouldn't be dealing with the issue that we're dealing with today or that Mr. Brown found himself in back in November 2015. So when we're talking about the other elements also, I'm sorry, I'm out of time. I apologize. You can finish your thought. But when you're talking about the other elements, Judge, that you had alluded to, when you're talking about that the contraband is going to be on the premises, that's what I was getting at too. That didn't happen either. The contraband wasn't ever inside, it was not inside the house at the time law enforcement executed their warrant. It was, in fact, outside the residence. And when we're talking about the execution, this was before law enforcement even made themselves, even made their way onto the property itself. And so that package is already back outside the residence. So it's, again, our position that the package was outside. And I thank you for your time. Thank you, Mr. Hamlin. Thank you also, Mr. Hurst. And as I said earlier, I'd like to express gratitude to all counsel for making an adjustment in the schedule to hear these cases today. I believe that completes our